1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  SARATHY S. AMANJEE, et al.,

11          Plaintiffs,                    No. CIV S-08-0499 JAM DAD PS

12      v.

13  MICHAEL CHERTOFF, et al.,

14          Defendants.                    FINDINGS AND RECOMMENDATIONS

15  _____/

16          This matter came before the court on June 27, 2008, for hearing of defendants'

17  motion to dismiss this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

18  Procedure.  Audrey B. Hemesath, Esq. appeared for the moving parties.  No appearance was

19  made at the hearing by or on behalf of the plaintiffs, who are proceeding pro se.

20          Although plaintiffs filed timely written opposition to defendants' motion,

21  defendants did not file a reply.  At the hearing, the undersigned requested clarification of

22  defendants' argument concerning visa priority dates.  On the basis of counsel's response in open

23  court, the undersigned ordered further briefing.  Supplemental briefs were filed by both sides,

24  and defendants' motion was taken under submission at that time.  Having now considered all

25  written materials submitted in connection with defendants' motion and the entire file, the

26  undersigned recommends that defendants' motion to dismiss be denied.

1

PLAINTIFFS' COMPLAINT

1

2      Plaintiffs Sarathy S. Amanjee, Sucheta S. Amanjee, Kritika S. Amanjee, and

3  Nivedita S. Amanjee commenced this civil action by filing a complaint on March 5, 2008.

4      Plaintiff Sarathy Amanjee is the primary applicant on an I-485 Application to

5  Adjust to Permanent Resident Status, while his wife Sucheta and daughters Kritika and Nivedita

6  filed applications as derivative beneficiaries.  Compl. at 2 & 4.  Receipt notices dated July 26,

7  2005 reflect that plaintiffs' applications and fees were received by United States Citizenship and

8  Immigration Services (USCIS) on July 20, 2005.  Id., Ex. A.  Plaintiffs completed fingerprinting

9  processes on March 22, 2006 and again on June 12, 2007.  Id. at 4, Exs. B & C.

10     Since the filing of their applications, plaintiffs have used two employment

11  authorization cards and two travel parole applications granted by USCIS.  Id. at 4.  Starting on

12  June 9, 2006, plaintiffs have contacted USCIS at least once a month regarding the status of their

13  case and the reason for the delay in ruling on their applications.  Id.  In response to inquiries

14  made on July 5, 2006 and October 5, 2006, plaintiffs received replies indicating that their case is

15  pending due to FBI security checks.  Id. at 4, Exs. F & G.  On February 21, 2007, plaintiffs were

16  informed by the California office of USCIS that their case was transferred to the Nebraska

17  USCIS "in order to speed up processing."  Id. at 4, Ex. D.  In response to an inquiry made on

18  April 23, 2007, plaintiffs received yet another reply indicating that the case was still pending due

19  to FBI security checks.  Id. at 4, Ex. E.  Plaintiff Sarathy Amanjee sought assistance from a

20  congressional representative by electronic mail on February 4, 2008, but was still awaiting a

21  response on March 5, 2008, when the complaint in this action was filed.  Id. at 4 & Ex. H.

22     Plaintiffs contend that defendants have improperly handled and delayed the

23  processing of their applications, to plaintiffs' detriment.  Plaintiffs allege that they have been

24  unable to obtain legal permanent residence, travel and work without restrictions, and accrue time

25  toward eligibility for naturalization as citizens of the United States.  Plaintiffs have attempted to

26  contact USCIS in order to assist in expediting name check clearances, but defendants have not

set up an interview with plaintiffs at any time since the filing of the I-485 applications in 2005.
Defendants' delay in adjudicating plaintiffs' applications has far exceeded the 120-day to one-year processing time contemplated by defendants' own regulations.  Plaintiffs seek an order
requiring defendants to properly adjudicate their applications.

Plaintiffs assert jurisdiction predicated on 28 U.S.C. §§ 1391 and 1361,[1] 5 U.S.C.
§§ 701, et seq.,[2] and 28 U.S.C. §§ 2201, et seq.[3]

STANDARDS APPLICABLE TO MOTIONS UNDER RULES 12(b)(1) AND 12(b)(6)

Rule 12(b)(1) allows a party to raise the defense, by motion, that the court lacks
jurisdiction over the subject matter of a claim.  "A motion to dismiss for lack of subject matter
jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking
motion' attacking the existence of subject matter jurisdiction in fact."  Thornhill Publ'g Co. v.
General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).  When a Rule 12(b)(1) motion
attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness
attaches to the plaintiff's allegations.  Id.  "[T]he district court is not restricted to the face of the
pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual
disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560

---

[1]  Section 1391 is a venue provision that is also cited by plaintiffs in a separate paragraph
concerning venue.  If plaintiffs intended to cite 28 U.S.C. § 1331, that statute provides the district
courts with original jurisdiction of "all civil actions arising under the Constitution, laws, or
treaties of the United States."  Pursuant to 28 U.S.C. § 1361, the district courts have original
jurisdiction "of any action in the nature of mandamus to compel an officer or employee of the
United States or any agency thereof to perform a duty owed to the plaintiff."

[2]  The Administrative Procedure Act, 5 U.S.C. §§ 701, et seq., authorizes suit by a person
suffering a legal wrong because of "agency action" and provides that the district court "shall
compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  By
definition, "agency action" for purposes of the APA includes "failure to act."  Norton v. Southern
Utah Wilderness Alliance, 542 U.S. 55, 61-62 (2004) (citing 5 U.S.C. § 702).  To state a claim
under the APA, the plaintiff must allege that the defendant has a nondiscretionary duty to act and
has unreasonably delayed in acting on that duty.  Id. at 63-65.

[3]  The Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., authorizes any federal court
to declare the rights of a party seeking such a declaration, "upon the filing of an appropriate
pleading."

1   (9th Cir. 1988).  When a "speaking motion" is brought, the burden of proof is on the party

2   asserting jurisdiction.  <u>Thornhill Publ'g Co.</u>, 594 F.2d at 733.

3             A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint.

4   <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983).  To state a claim

5   upon which relief may be granted, a plaintiff must allege "enough facts to state a claim to relief

6   that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, ___, 127 S. Ct.

7   1955, 1974 (2007).  Dismissal of a complaint, or any claim within it, pursuant to Rule 12(b)(6)

8   "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

9   under a cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

10   1990).  In ruling on a Rule 12(b)(6) motion, the court accepts as true the material allegations in

11   the complaint and construes those allegations, as well as the reasonable inferences that can be

12   drawn from them, in the light most favorable to the plaintiff.  <u>Hishon v. King & Spalding</u>, 467

13   U.S. 69, 73 (1984); <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).

14                                 ANALYSIS

15             The standards applicable to Rule 12(b)(1) and Rule 12(b)(6) motions demonstrate

16   that the two types of motions serve different purposes and require different approaches to the

17   pleading at issue.  Although defendants request dismissal of plaintiffs' complaint pursuant to

18   both provisions, the motion to dismiss fails to set forth or discuss the applicable standards and

19   fails to present a separate analysis with respect to each ground for dismissal.

20             Defendants argue first that plaintiffs are not entitled to mandamus relief under 28

21   U.S.C. § 1361 because they cannot show a clear right to immediate adjudication or a clear,

22   ministerial duty for defendants to act within any particular time frame.  Defendants argue next

23   that plaintiffs are not entitled to relief under the APA because actions committed to agency

24   discretion are exempt from judicial review under the APA.  Both of these arguments, as

25   presented, concern the court's subject matter jurisdiction and will be addressed in accordance

26   with the standards applicable to Rule 12(b)(1).

1    Defendants do not assert that mandamus relief under 28 U.S.C. § 1361 and

2  judicial review under the APA are not cognizable legal theories.  Nor do defendants assert that

3  plaintiffs' complaint fails to allege sufficient facts to state claims that are plausible on their face.

4  However, in describing the statutory and regulatory framework that governs adjustment of status

5  applications, defendants assert that "to demonstrate eligibility to adjust status, aliens must first

6  demonstrate the availability of a visa" and that the alien applying for adjustment of status "bears

7  the burden of proving that she meets the statutory requirements for eligibility."  (Def'ts' Am.

8  Mot. to Dismiss at 4.)  Defendants assert that plaintiff Sarathy Amanjee cannot demonstrate the

9  availability of a visa because he is a third preference applicant from India with a visa priority date

10  of September 23, 2002, and visas are available for applicants in the third preference category

11  only if they have priority dates of November 1, 2001, or before.  In their argument regarding

12  mandamus jurisdiction, defendants suggest that "it is logical that CIS is refraining from

13  adjudicating [plaintiff's] application to adjust status at this time" because a visa is not available

14  for him and therefore the failure to adjudicate plaintiffs' applications is not arbitrary or

15  unreasonable and will not support a mandamus claim.  (Id. at 6.)

16    To the extent that defendants urge the court to dismiss plaintiffs' mandamus claim

17  for lack of subject matter jurisdiction on the ground that no visa is available to them and

18  therefore defendants' delay is reasonable, the undersigned notes that defendants' motion does not

19  include any evidence that plaintiffs' applications have been delayed on a ground other than the

20  FBI name checks cited in defendants' responses to plaintiffs' inquiries.  In opposition to

21  defendants' motion to dismiss, plaintiffs agree that plaintiff Sarathy Amanjee's priority date is

22  September 23, 2002, but offer evidence that plaintiff is a second preference applicant and that

23  when he filed his adjustment of status application, visas were available for applicants with a

24  priority date of April 1, 2004 or earlier.  Plaintiffs also argue and offer evidence that the CIS has

25  never indicated that plaintiffs' applications have been delayed for any reason other than FBI

26  name checks.  The evidence offered by defendants with their supplemental brief does not

contradict plaintiffs' evidence.  The documents that appear to indicate that plaintiff Sarathy

Amanjee is a third preference applicant were issued prior to the determination dated December 7,

2005 showing plaintiff as a second preference applicant.  Defendants have not countered

plaintiffs' evidence of the reason for defendants' delay by offering affidavits by CIS officials

declaring that plaintiffs' applications were in fact delayed due to lack of visa availability despite

the fact that all notices sent to plaintiffs indicate only that the delay was caused by the FBI name

check process.  The undersigned finds that defendants have not offered the kind of evidence

required for a speaking motion under Rule 12(b)(1), i.e., affidavits and testimony that resolve

factual disputes concerning the existence of jurisdiction.

Similarly, to the extent that defendants urge the court to dismiss plaintiffs'

mandamus claim for failure to state a claim upon which relief can be granted, defendants'

evidence does not demonstrate that plaintiffs have failed to state such a claim.  In their

complaint, plaintiffs allege that they supplied defendants with documents establishing plaintiff

Sarathy Amanjee's eligibility to adjust status, that they applied for adjustment of status in July

2005, that the adjudication of the applications has been delayed for over two and a half years, and

that all of defendants' responses to plaintiffs' inquiries indicated that the applications are pending

due to FBI security checks.  (Compl. at 3-4.)  For purposes of a motion to dismiss pursuant to

Rule 12(b)(6), the court accepts as true the allegations of the complaint.  The court may consider

matters of public record, material properly submitted as part of the complaint, and documents not

physically attached to the complaint if their authenticity is not contested and the complaint

necessarily relies on them.  Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

Defendants' amended motion to dismiss does not include any documents at all, although the

motion does refer to an attachment that was not attached.  (See Def'ts' Amended Mot. at 4 line

11.)  The documents properly submitted as part of plaintiffs' complaint and those submitted by

plaintiffs and defendants in connection with the motion to dismiss do not establish that plaintiffs

have failed to state a mandamus claim upon which relief may be granted.  "[B]ecause the amount

of time that is reasonable to adjudicate an I-485 application is a fact-specific inquiry, it is

premature on a motion to dismiss to determine whether the delay . . . is unreasonable as a matter

of law." Liu v. Chertoff, No. 2:06-cv-2808-RRB-EFB, 2007 WL 2023548, at *5 (E.D. Cal. Jul.

11, 2007).

The court turns to defendants' general arguments concerning subject matter

jurisdiction.  The statute that governs adjustment of the status of a non-immigrant to that of a

person admitted for permanent residence provides that

> [t]he status of an alien who was inspected and admitted or paroled
> into the United States . . . may be adjusted by the Attorney General,
> in his discretion and under such regulations as he may prescribe, to
> that of an alien lawfully admitted for permanent residence if (1) the
> alien makes an application for such adjustment, (2) the alien is
> eligible to receive an immigrant visa and is admissible to the
> United States for permanent residence, and (3) an immigrant visa is
> immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a).  Visa availability is governed by regulations that set priority dates according

to various factors, such as the alien's country of origin and the type of visa held by the alien.  If

an application for adjustment of status is approved, the Attorney General must record the alien's

lawful admission for permanent residence, and "the Secretary of State shall reduce by one the

number of the preference visas authorized to be issued . . . within the class to which the alien is

chargeable for the fiscal year then current."  8 U.S.C. § 1255(b).

Plaintiffs do not challenge the discretionary nature of defendants' decision to

grant or deny an application for adjustment of status.  Instead, they challenge defendants' failure

to make any decision at all in their case.  Plaintiffs contend that a delay of over 33 months is

unreasonable and gives rise to a claim based on failure to act.  Plaintiffs cite the duties specified

in 8 C.F.R. § 103.1(b), the decisions of courts holding that defendants have a clear, non-

discretionary duty to adjudicate adjustment of status applications, and APA provisions that

impose a duty to act.  Plaintiffs seek an order compelling defendants to adjudicate their

applications within a reasonable time.

1          In 2008, the undersigned noted the split of authority among district courts with

2   respect to jurisdiction over challenges to administrative delays in processing applications for

3   adjustment of status.  Shirmohamadali v. Heinauer, No. CIV S-07-1073 DAD, 2008 WL 341641,

4   at *2 (E.D. Cal. Feb. 6, 2008) (denying motion to dismiss for lack of subject matter jurisdiction).

5   In 2007, a sister court in this circuit had observed that the issue of jurisdiction over such claims

6   had come before numerous district courts across the country, district courts were split, and there

7   had been no appellate guidance.  Dong v. Chertoff, 513 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007).

8          The split of authority among district courts across the country still exists, and the

9   issue has not been addressed by the United States Supreme Court or the Ninth Circuit Court of

10   Appeals.  However, the weight of authority now favors a finding of subject matter jurisdiction

11   where petitioners challenge the failure to adjudicate adjustment of status applications within a

12   reasonable time.  "Numerous district courts within the Ninth Circuit and elsewhere which have

13   addressed this specific issue overwhelmingly conclude that '[s]ection 1255(a) does not specify

14   that the government has discretion over the pace of adjudicating I-485 applications.'"  Kashkool

15   v. Chertoff, 553 F. Supp. 2d 1131, 1138 (D. Ariz. 2008).  The district courts for the Western

16   District of Washington and the Northern District of California have unanimously reached the

17   conclusion that judicial review is not barred, "plac[ing] themselves in the clear majority of

18   district courts within the Ninth Circuit who have considered the issue," along with the majority

19   of district courts nationwide.  Hong Wang v. Chertoff, 550 F. Supp. 2d 1253, 1257 (W.D. Wash.

20   2008).

21          In the Eastern District of California, virtually every district judge who has

22   considered the issue has found that subject matter jurisdiction exists.  See Saini v. U.S.

23   Citizenship & Immigration Servs., 553 F. Supp. 2d 1170, 1173 (E.D. Cal. 2008) (defendants'

24   motion to dismiss for lack of subject matter and for failure to state a claim denied by District

25   Judge Morrison C. England, stating that "[a]lthough no circuit court in the country has yet

26   spoken to this issue, this Court is persuaded that the USCIS has a ministerial duty to take some

action on immigration applications like that presented by Plaintiff here"); Sidhu v. Chertoff, No.

1:07-CV-1188 AWI SMS, 2008 WL 540685, at *5-6 (E.D. Cal. Feb. 25, 2008) (defendants'

motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim denied by

Chief Judge Anthony W. Ishii);  Gianni v. Curda, No. 2:07-CV-1478-GEB-KJM, 2008 WL

479991, at *1-2 (E.D. Cal. Feb. 19, 2008) (defendants' motion to dismiss for lack of subject

matter jurisdiction and for failure to state a claim denied by District Judge Garland E. Burrell,

Jr.); Houle v. Riding, No. CV-F-07-1266 LJO GSA, 2008 WL 223670, at *1 (E.D. Cal. Jan. 28,

2008) (defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to

state a claim denied by District Judge Lawrence J. O'Neill); Liu v. Chertoff, No. 2:06-cv-2808-

RRB-EFB, 2007 WL 2023548, at *4-5 (E.D. Cal. Jul. 11, 2007) (defendants' motion to dismiss

for lack of subject matter jurisdiction denied by District Judge Ralph R. Beistline, finding subject

matter jurisdiction under both the mandamus statute and the APA because the defendants have a

clearly non-discretionary duty to adjudicate adjustment-of-status applications within a reasonable

time).  Cf. Hu v. Chertoff, No. CIV. S-06-2805 WBS EFB, 2007 WL 1515067, at *4 (E.D. Cal.

May 22, 2007) (defendants' motion to dismiss granted by District Judge William B. Shubb,

cautioning that if CIS refuses to take any steps to adjudicate an application or employs

procedures such that no decision will issue, it might be said that the agency's inaction was not

the result of an exercise of discretion at all and the court could have jurisdiction to review the

agency's actions).

        The undersigned is persuaded by the reasoning of the courts that have found

subject matter jurisdiction over claims alleging failure to adjudicate adjustment of status

applications within a reasonable time.  "'In the absence of a specific statutory provision to the

contrary, district courts have jurisdiction to review agency action as part of their general federal

question jurisdiction.'" Dong, 513 F. Supp. 2d at 1161 (quoting Proyecto San Pablo v. I.N.S.,

189 F.3d 1130, 1136 n.5 (9th Cir. 1999)).  When well established principles of statutory

construction are applied to 8 U.S.C. § 1252(a)(2)(B), read in conjunction with § 1255, it is

9

1   evident that the jurisdiction-stripping provision does not constitute "a specific statutory provision

2   to the contrary" that deprives district courts of jurisdiction to review agency action.  Id. at 1162-

3   65.  This determination is supported by decisions of the Ninth Circuit and other circuit courts

4   holding that the discretion granted by 8 U.S.C. § 1252(a)(2)(B)(ii) is specific and limited.  Id. at

5   1164-65 & n.8 (citing Spencer Enterprises v. United States, 345 F.3d 683, 689 (9th Cir. 2003),

6   and decisions of the Second, Third, Fifth, Sixth, & Seventh Circuits).

7               Based on the narrow construction to be given the
            jurisdiction-stripping provision of the statute, and its language
8           precisely limiting the discretion granted, the Court therefore finds
            that 8 U.S.C. § 1252(a)(2)(B)(ii) does not deprive the Court of
9           jurisdiction to hear an allegation that the determination of an
            application for adjustment of status has been unlawfully withheld.
10          While the ultimate decision to grant or deny an application for
            adjustment of status is unquestionably discretionary, there exists a
11          non-discretionary duty to act on and process the application.

12   513 F. Supp. 2d at 1165 (analogizing to the Ninth Circuit's conclusion with regard to

13   applications for mineral patents in Independence Mining Co. v. Babbitt, 105 F.3d 502, 507 n.6

14   (9th Cir. 1997)).  See also Ahmed v. Scharfen, No. C 08-1680 MHP, 2009 WL 55939, at *6-7

15   (N.D. Cal. Jan. 7, 2009).

16              Jurisdiction in cases such as this one is properly premised on both the mandamus

17   statute and on the APA in conjunction with federal question jurisdiction under 28 U.S.C. § 1331

18   because the government has a non-discretionary duty to process adjustment applications.  Dong,

19   513 F. Supp. 2d at 1161, 1166; Liu, 2007 WL 2023548, at *5.  While some courts have found

20   such a duty in the APA's general requirement that agencies act in a timely manner, others have

21   found it in 8 C.F.R. § 103.2(b)(18), a regulation that bears the title "Withholding adjudication."

22   See Dong, 513 F. Supp. 2d at 1166-67 (citing district court decisions in Oklahoma, Texas,

23   Florida, and Missouri).

24              The procedural requirements specified in [8 C.F.R. § 103.2(b)(18)]
            ensure that some timely decision is made or action taken on these
25          applications without need of invoking the APA's default rule of
            reasonable timeliness.  The defendants have a non-discretionary
26          duty to comply with 8 C.F.R. § 103.2(b)(18) in order to lawfully

1   withhold adjudication.  If the USCIS has failed to comply with 8
    C.F.R. § 103.2(b)(18), then this Court has subject matter
2   jurisdiction under either the APA, the mandamus statute, or both,
    to compel an agency action unlawfully withheld.
3

4   Id. at 1166-67.

5          Here, plaintiffs submitted applications for adjustment of their status in July 2005.

6   After the passage of more than two and a half years, plaintiffs brought this action alleging

7   unreasonable delay in adjudicating their applications.  Another year has passed, and plaintiffs

8   still await a decision.  If plaintiffs prevail in this action, an order compelling the government to

9   adjudicate their applications will not interfere with defendants' discretion to grant or deny the

10  applications.  The delay, now in excess of three and a half years, may be caused solely by the

11  failure of another agency to complete name checks for plaintiffs.  This may be a case where

12  defendants have chosen to "employ procedures such that no decision will issue," such that "the

13  agency's inaction [is] not the result of an exercise of discretion at all" but rather an abdication of

14  the agency's statutory duty to adjudicate applications.  See Hu, 2007 WL 1515067, at *4.

15         The undersigned finds that the district court has jurisdiction over this action.

16  Accordingly, the undersigned will recommend that defendants' motion to dismiss be denied.  If

17  this recommendation is adopted, a status conference will be set for the purpose of scheduling

18  further proceedings.

19                                         CONCLUSION

20         IT IS HEREBY RECOMMENDED that defendants' May 7, 2008 amended

21  motion to dismiss (Doc. No. 8) be denied.

22         These findings and recommendations will be submitted to the United States

23  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

24  ten (10) days after being served with these findings and recommendations, any party may file

25  written objections with the court.  A document containing objections should be titled "Objections

26  to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed

1    within ten days after the objections are served.  The parties are advised that failure to file

2    objections within the specified time may, under certain circumstances, waive the right to appeal

3    the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4    DATED: February 11, 2009.

5

6

7                                    DALE A. DROZD

                                   UNITED STATES MAGISTRATE JUDGE

8    DAD:kw

     ddad1/orders.consent/amanjee0499.f&r.mtd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26